Anderson *v.* McNeal.

ANDERSON, Com'r, etc., *v.* M. McNEAL & BODDIE.

CHANCERY PLEADING AND PRACTICE. *Bill of Revivor.* A bill to revive a suit against a devisee is not a supplemental bill to revive, but an original bill in the nature of a bill of revivor, and when filed against a non-resident, without attachment of property, must be supported by proof. Code, secs. 4371-72.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

JOHN JOHNSON for Complainant.

HENRY CRAFT for Defendants.

FREEMAN, J., delivered the opinion of the Court.

This is a proceeding in the Chancery Court to sell real estate for taxes, under the statutes passed for that purpose, in a case where the property had been sold and bought in by the Superintendent of Public Instruction.

The original bill was filed against McNeal, who appeared and filed a demurrer, which was over-ruled. After this, McNeal died, and thereupon a bill of revivor was filed against respondent, Boddie, stating the fact of the death of McNeal, and that he had devised the property in litigation to Boddie, who is alleged to be a non-resident of the State, and publication prayed to be made. This was ordered on the 1st of November, and the defendant required to answer by the first Monday in December after.

No answer or appearance being put in, the bill was taken for confessed, and thereupon, on reference had to the Clerk to ascertain what taxes were due, and report on this, a decree was entered for sale of the property.

This bill against Boddie is styled an amended and supplemental bill to revive, but is more properly an original bill in the nature of a bill of revivor, as treated of in our books on equity pleading.

"If the transmission of the estate," says Mr. Adams' Doctrine of Equity, "is by act of the laws, as to the personal representative or heir, or

the like, it is strictly a bill of revivor, and unless defendant show cause against it, within the time fixed, an order goes to revive. Where the transmission is by the act of the law, as to a devisee, an original bill in the nature of a revivor is to be filed, and a decree made on that to revive, and it will serve to revive the suit, if the validity of the transmission is established." Adams' Doct. Eq., top p. 774, s. p. 406.

By the Code, secs. 4371-72, bills without attachment of property, against non-residents, are among the exceptions, and the complainant proceeds after publication as if the allegations of the bill had been put in issue by an answer not sworn to, with the right to set for hearing forthwith, and in such cases, by subsequent sections, provision is made for taking proof.

In this case there is no proof of the fact of the death of McNeal, or that Boddie is the devisee. Until this is made out according to the allegations of the bill, they stand as denied by the answer of defendant. And so no ground for revivor against the alleged devisee appears, and the decree without this is erroneous, and for this cause must be reversed, with costs.